United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50758
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CANDIDO PEREZ-GUZMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-247-6
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Candido Perez-Guzman (Perez) pleaded guilty to count 2 of an indictment charging him with conspiracy to harbor illegal aliens. Perez was sentenced to a 49-month term of imprisonment and to a three-year period of supervised release. Perez contends that his guilty plea was not knowing and voluntary and that the factual basis of his guilty plea was not sufficient to establish that he conspired to harbor illegal aliens. We review this issue for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perez's argument is based upon his numerous equivocations during the rearraignment and, specifically, on the fact that he denied having personal knowledge of some of the facts recited in the plea agreement.  This argument is without merit.  Each time Perez equivocated, the magistrate judge confirmed again that Perez was admitting the elements of the offense.  See 8 U.S.C. § 1324(a)(1)(A)(iii) & (v); United States v. De Jesus-Batres, 410 F.3d 154, 160 (5th Cir. 2005), cert. denied, 126 S. Ct. 1020, and cert. denied, 126 S. Ct. 1021, and cert. denied, 126 S. Ct. 1022 (2006).  At no point does Perez contend that there was a reasonable probability that he would not have entered the plea but for error on the part of the district court.  See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).  Perez has not shown that the district court plainly erred in accepting his guilty plea.  See Vonn, 535 U.S. at 59.

Perez contends that the district court erred in deviating from the guideline range because he groped a female victim.  The district court articulated its reasons for its three-month deviation adequately and the non-guidelines sentence reasonably reflected the statutory sentencing factors.  See United States v. Smith, 440 F.3d 704, 707-08 (5th Cir. 2006).

AFFIRMED.